Ross, J.
These cases have been argued and submitted together. They are appeals from orders changing the place of trial,—the motion in that behalf in each case being based upon the alleged disqualification of the presiding judge.
It is urged for the appellants that the affidavits did not show or tend to show that the judge was disqualified; and further, that it was not competent for him to pass upon the question of his own disqualification.
In respect to two of the cases,—Nos. 11462 and 11463, —the judge stated from the bench that he had received a general retainer from one of the parties defendant, and therefore considered himself disqualified to sit in judgment in the cases, and accordingly made the order of transfer. Although the cases may not perhaps come within the strict letter of the statute which provides. *645 among other things, that no judge shall sit or act as such in any action or proceeding “when he has been attorney or counsel for either party in the action or proceeding,” we do not think an order of transfer made upon the ground that the judge had been under a general retainer from one of the parties should be reversed, but on the contrary, should meet with approval.
In respect to the other case, however,—No. 11461,— no' such ground existed, nor indeed any ground, for its transfer. The county of Kern being the proper county, and the judge of that county not being in any way disqualified, the order changing the place of trial should not have been made.
In cases numbered respectively 11462 and 11463, order affirmed, and in case numbered 11461 the order is reversed.
Mybick, J., and McKinstey, J., concurred.
Hearing in Bank denied.