THE STATE EX REL. ROWELL and others vs. DICK, Circuit Judge.

*April 5—May 2, 1905.*

Mandamus: *Disqualification of judge: Parties: Change of venue: Who may make application.*

1. Under sec. 2623, Stats. 1898 (providing that, whenever the judge has been of counsel for either party, the court or presiding judge thereof shall upon application, and may without application, change the place of trial of such action or call in another judge in the manner prescribed in sec. 2625), a group of defendants having interests in common in the issues involved, hostile to codefendants whose interests are common with the plaintiff, may be regarded as a party within the calls of that section, and may make an application for a change of venue on the ground that the trial judge has acted as counsel for plaintiff.

2. Under sec. 2579, Stats. 1898 (providing that in case any judge of any court of record shall be interested in any action or proceeding in such court, or shall have acted as attorney or counsel for either of the parties thereto, such judge shall not have power to hear and determine such action or proceeding or make any order therein, except with the consent of the parties thereto), a circuit judge who acted as attorney for the plaintiffs in an action is disqualified to try a subsequent action brought by one of the plaintiffs in the former action, involving in part the same cause of action, and to which some of the former defendants were made parties, although the former suit was dismissed, and the judge never advised or counseled as to the matters presented in the later action, "and could not, as such facts accrued after the former action."

MANDAMUS to JAMES J. DICK, judge of the circuit court for Dodge county. *Peremptory writ granted.*

This is an original application to this court to change the venue in the action herein mentioned. It appears from the return to the alternative writ of *mandamus* that on or about November 1, 1895, *James J. Dick,* as attorney for the plaintiffs, commenced an action in the circuit court for Dodge county, wherein John S. Rowell and Mary Rowell, his wife, were plaintiffs, and Samuel W. Rowell and his wife, Theo-

State ex rel. Rowell v. Dick, 125 Wis. 51.

dore B. Rowell and his wife, *Mary I. Rowell, Jennie B. Rowell, Walden T. Rowell, Edla E. Rowell,* and *Clarence I. Rowell* were defendants. The complaint in that action was verified by John S. Rowell, and the same was for the partition of ten lots of land therein described according to the respective rights of the several parties interested therein as therein stated, and for the sale thereof if it should appear that a partition of said premises could not be made without great prejudice to the owners thereof, and a division of the proceeds upon such sale be made according to their respective rights, and for such other and further relief as should be just and equitable. Pending that case *Mr. Dick* became judge of the circuit court for Dodge county. Subsequently, on December 31, 1898, an action was commenced in that court for mismanagement and accounting. See *Rowell v. Rowell,* 122 Wis. 1; 99 N. W. 473. While that action was still pending in the circuit court for Dodge county, and on January 9, 1899, Judge Dick made an order changing the venue in that case, and recited therein, in effect, among other things, that the court, having examined the complaint in said action, finds that it has reference to matters in which he has in some relation more or less been engaged as counsel prior to his election as judge of said court, and that during the period of time covered by the complaint he was the private attorney at some time of John S. Rowell, and also was attorney and counsel for Ira Rowell, deceased, the father of the plaintiffs *Jennie B. Beichl, Walden T. Rowell, Edla Rowell,* and *Clarence I. Rowell,* and Mary Rowell, being the widow of said Ira Rowell, deceased, and that during such time he was also the attorney of John S. Rowell & Co., composed of John S. Rowell and Ira Rowell, since deceased, and that he was also attorney for the John S. Rowell Sons & Co., and was also attorney for the John S. Rowell Manufacturing Company, and knows more or less concerning the matters referred to in such complaint, and has acted as coun-

sel in such matters to some extent at least; and that therefore it would be highly improper for the judge of said court to entertain such proceedings, as above stated. And therefore the said Judge Dick, of his own motion, ordered and determined, and it was thereby ordered and determined by that court, that that action be sent for trial to the circuit court for Winnebago county, and the clerk was thereby instructed to transmit the record to that court for further proceedings according to law. July 29, 1904, upon the verified petition of John S. Rowell, the circuit court for Dodge county, JAMES J. DICK presiding as circuit judge, entered an order wherein and whereby it was ordered and adjudged that said action so commenced November 1, 1895, be and the same was thereby discontinued, with leave and without prejudice to the said John S. Rowell to commence another action for partition of the lands mentioned and described in the complaint in that action. The next day, and on July 30, 1904, an action was commenced in the circuit court for Dodge county on a complaint verified by John S. Rowell, wherein John S. Rowell was plaintiff and *Mary I. Rowell, Jennie B. Beichl, Edward A. Beichl,* her husband, *Walden T. Rowell, Edla Rowell, Mary I. Rowell* as general guardian of *Clarence I. Rowell, Clarence I. Rowell,* and the John S. Rowell Manufacturing Company were defendants, praying for the partition of the premises therein described according to the respective rights and interests of the parties therein alleged, and for the sale thereof if it should appear that the partition could not be made without great prejudice to the owners thereof, and the proceeds of the sale divided among the parties according to their respective rights and interests, and for general relief. The lands therein described are the same as in the complaint of November 1, 1895, except that outlot No. 73, therein mentioned, is omitted, and lot 11 is omitted, except that the buildings thereon are included. In the action so commenced July 30, 1904,

the defendant the John S. Rowell Manufacturing Company
put in an answer, verified September 14, 1904, and in said
answer claimed title to the warehouse on lot 11, of the value
of $537.06, the building on lot 4 in block A, of the value of
$575.66, and certain buildings and machinery on other por-
tions of the property.   The other defendants in that action
put in an answer verified September 3, 1904, taking issue
with certain allegations of the complaint, and, among other
things, asking judgment that the wife of John S. Rowell and
Samuel Rowell and his wife, and Theodore B. Rowell and
his wife, be brought in as parties defendant in the said ac-
tion, and that the premises including lot 11, covered by said
buildings, be sold at public sale, and that the defendants be
permitted to bid at such sale, and to pay into court three
fourths of the amount they so bid, and for general relief.
September 26, 1904, the defendants in that action, except·
the John S. Rowell Manufacturing Company, also replied
to the answer of the John S. Rowell Manufacturing Com-
pany by way of certain admissions and denials.   An appli-
cation duly verified by Mary I. Rowell September 26, 1904,
was made to the circuit court for Dodge county on behalf
of all the defendants except the John S. Rowell Manufac-
turing Company for the change of the venue in said action.
Upon hearing such application the said JAMES J. DICK, as
circuit judge, on October 3, 1904, denied such application,
and filed therein a written opinion, found in his return to
the writ.   Thereupon the attorneys for the applicants re-
fused to proceed with the action before the Honorable JAMES
J. DICK as such presiding judge.   The relator demurred to
such return.

For the relators there was a brief by *Malone & Miller,* at-
torneys, and *Timlin & Glicksman,* of counsel, and oral argu-
ment by *Nathan Glicksman.*

· *S. W. Lamoreux* and *M. E. Burke,* for the respondent.
[No brief on file.]

CASSODAY, C. J.   In denying the application to change
the venue the learned trial judge filed a written opinion,
which was presented on the application for the writ and also
embodied in the return to the writ.   The principal ground
for refusing the application is that it was not made by the
plaintiff in the action commenced July 30, 1904, nor by all
the defendants in that action; and hence was not authorized
by the statute, which, among other things, declares, in effect,
that:

"Whenever the judge . . . has been of counsel for either
party, the court or the presiding judge thereof shall, upon
application of either party, and may without such applica-
tion, change the place of trial of such action or call in an-
other judge in the manner prescribed in section 2625."
Stats. 1898, sec. 2623.

The learned trial judge claims that under these sections
the rule of law is the same as where an application is made
for a change of venue on the ground of the prejudice of the
judge, and "must be made by all the plaintiffs or all of the
defendants, as the case may be, although the affidavit may
be made by one of the parties for and on behalf of all the
others."   This court has so held in straight actions at law.
*Rupp v. Swineford,* 40 Wis. 28; *Zeller v. Martin,* 84 Wis.
4, 6, 7, 54 N. W. 330; *Holm v. Colman,* 89 Wis. 233, 61 N.
W. 767.   But these cases recognize as well-established ex-
ceptions to such rule that:

"Where the interests of some of the defendants are in ac-
cord with those of the plaintiffs, or otherwise hostile to those
of their codefendants, it seems that the statute should not be
construed to require such defendants to join with their code-
fendants in such an application to make it effectual.   Merely
formal parties defendant, also, or those having no real inter-
est in the subject matter of the suit, should not be allowed to
defeat such an application made by the other defendants.
Such application, made by defendants who have appeared in
the action, should not be denied because not joined in by one
who has not appeared, but has made default."   *Wolcott v.*

*Wolcott,* 32 Wis. 63.   See *State ex rel. Cuppel v. Milwaukee Chamb. of Com.* 47 Wis. 670, 3 N. W. 760; *Hewitt v. Follett,* 51 Wis. 264, 271, 8 N. W. 177; *Eldred v. Becker,* 60 Wis. 48, 51, 52, 18 N. W. 720.

In the case at bar the application for the change of venue was made by the widow of Ira Rowell, who died July 19, 1886, and their four children, and the husband of one of them, claiming an interest in the undivided one-fourth of the premises.  ·They constituted a group of defendants having interests in common in the premises sought to be partitioned, and may well be regarded as a party within the meaning of the section of the statutes quoted.  *Hundhausen v. Atkins,* 36 Wis. 518.   The only other parties to the action at the time of such refusal to change the venue were the plaintiff, John S. Rowell, and the defendant, the John S. Rowell Manufacturing Company; and they both objected to such change.   The manufacturing company held a lease of the premises, executed by John S. Rowell, on the undivided three-fourths of the premises, and thereunder claimed the exclusive right to certain buildings and machinery on certain portions of the premises.   Their interests were in accord as to the lots without such buildings,· and, as a large stockholder in the corporation, John S. Rowell had a common interest in such buildings with the corporation.   It is to be observed that the application for the change of venue was not made on the ground that the trial judge was prejudiced "on a matter of law" or "on the facts," but on the ground that he had "acted as attorney or counsel" for one of the parties in the action.   It is admitted that the summons and complaint in the action commenced November 1, 1895, were both signed by *"James J. Dick,* Plaintiff's Attorney." John S. Rowell and wife were plaintiffs in that action, which was for the partition of the ten lots of land therein described; and the same was against *Mary I. Rowell* and her four children, and two sons of John S. Rowell and their

wives, upon each and all of whom the summons and complaint were served. No further proceedings were had therein until July 29, 1904, except that the further prosecution thereof was enjoined in *Rowell v. Rowell*, 122 Wis. 1, 99 N. W. 473, and in that case the learned trial judge on his own motion, January 9, 1899, entered an order changing the venue on the ground, as stated therein, that he had been engaged as counsel prior to his election as judge; that during the time covered by the complaint therein he had been the private attorney of John S. Rowell, and attorney and counsel for Ira Rowell, deceased, and the John S. Rowell Manufacturing Company, and also John S. Rowell Sons & Co., and acted as counsel in the matters referred to in the complaint in that action. July 29, 1904, JAMES J. DICK, as such circuit judge, made an order in the action so commenced by him as attorney November 1, 1895, reciting that on reading and filing the affidavit of John S. Rowell praying for an order discontinuing that action "without prejudice and with leave to said John S. Rowell to commence another action," whereby it was ordered and adjudged that said action be and the same was thereby "discontinued with leave of the said John S. Rowell to commence another action for partition of the lands mentioned and described in the complaint." The next day the action in question for the partition of all of the same lands, except two of the lots without the buildings, but including the buildings on one of those lots, was commenced by John S. Rowell alone as plaintiff, his wife in the meantime having died, against the widow of Ira Rowell and their four children and the husband of one of them and the John S. Rowell Manufacturing Company, but omitted therefrom the two sons of John S. Rowell and their wives. The last action is for the partition of eight of the lots covered by the first action. No issue was joined in the first action. It may be true, as stated by the learned trial judge, that he "never advised or counseled as to the

matters now presented by said defendant corporation, and could not, as such facts accrued after said former action." But that is not the question under the section of the statute here applicable. That section seems to have escaped the attention of the learned trial judge. It declares that:

"In case any judge of any court of record shall be interested in any action or proceeding in such court or shall have acted as attorney or counsel for either of the parties thereto such judge shall not have power to hear and determine such action or proceeding or to make any order therein, except with the consent of the parties thereto." Sec. 2579, Stats. 1898.

This language is very broad. It is claimed on the part of the relator to be broad enough to disqualify any judge from hearing and determining any action or proceeding in case he had ever acted as attorney or counsel for either of the parties thereto in any matter, however foreign to the action so to be determined. But such a construction would be absurd and work great inconvenience. The manifest purpose of the statute was to secure to litigants and the public an impartial judicial tribunal, free from any bias or temptation or ground of suspicion. It disqualified the judge, however, only in case he had acted as attorney or counsel for either of the parties to the action or proceeding in the matter so to be heard or determined. In this case the judge had acted as the attorney of record in the first action for partition. He was necessarily of counsel for John S. Rowell and wife in respect to such partition. As judge, and on the application of his former client, he ordered the discontinuance of that action without prejudice to the bringing of another action for the partition of most of the same lands by John S. Rowell. Such new action was commenced the next day. True, he did not appear as attorney of record in that action, and no one supposes he acted as counsel at the time of making that order, but he had previously acted as counsel for the surviving plaintiff, John S. Rowell, as to such partition, which

State ex rel. Rowell v. Dick, 125 Wis. 51.

was the cause of action alleged in the complaint in both actions. Such being the facts, the statute deprived him of "power to hear and determine such action or proceeding or to make any order therein, except with the consent of the parties thereto." The same conclusion has been reached in other states under similar statutes. Thus, in California it has been held that:

"A change of the place of trial may be had on the ground that the judge of the court in which the action was brought had received a general retainer from one of the parties." *Kern Valley W. Co. v. McCord,* 70 Cal. 646, 11 Pac. 798.

So in Michigan it has been held that a circuit judge was disqualified to sit in a case by reason of his having been counseled regarding the subject matter of the suit. *Curtis v. Wilcox,* 74 Mich. 69, 41 N. W. 863. See *Horton v. Howard,* 79 Mich. 642, 44 N. W. 1112; *Joyce v. Whitney,* 57 Ind. 550. This court has never been called upon to consider the precise question here presented, but it has determined a question quite analogous and one involving the same principle, arising under the next section of the statute, which declares, in effect, that no justice of this court "shall decide or take part in the decision of any cause or matter which shall have been determined by him, while sitting as a judge of any other court." Sec. 2580, Stats. 1898. In a case where a justice of this court was disqualified by that statute from participating in the decision of the same by reason of having previously determined the cause or matter at the circuit, it was held that the judgment of this court in which he so participated was *"coram non judice* and void," notwithstanding he was only one of the five justices so deciding the cause in this court. *Case v. Hoffman,* 100 Wis. 314, 352–358, 72 N. W. 390, 74 N. W. 220, 75 N. W. 945. In construing that section in that case Mr. Justice WINSLOW, speaking for the whole court, said that the section "is manifestly founded upon the idea that in an appellate court the parties

are entitled to have a hearing before a bench, none of whose members has previously passed upon the matter in issue, or upon any material part thereof." So under the section of the statute here involved, the circuit judge, by reason of having acted as attorney and counsel for one of the parties to the action in respect to the same cause of action there involved, was deprived of all "power to hear and determine such action or proceeding, or to make any order therein, except with the consent of the parties thereto." Sec. 2579, Stats. 1898.

*By the Court.*—The demurrer to the return is sustained, and the alternative writ of *mandamus* heretofore issued is hereby made peremptory, with direction that the trial "court or the presiding judge thereof" shall forthwith "change the place of trial of such action or call in another judge in the manner prescribed in section 2625" of the Statutes of 1898; but without costs.