STATE EX REL. JOHNSON and another, Petitioners, vs. AARONS, Circuit Judge, Respondent.

*May 9—June 6, 1939.*

For the petitioners there was a brief by *Hale & Skemp* of La Crosse, attorneys for Robert W. Johnson, and *Quarles, Spence & Quarles* of Milwaukee, attorneys for Standard Oil Company (Indiana), and *Arthur Wickham* of Milwaukee of counsel, and oral argument by *Mr. Wickham.*

*Herbert L. Abraham* of Milwaukee, for the respondent.

WICKHEM, J.   No serious question is raised as to the propriety of taking jurisdiction in this cause, and the point will not be discussed.   *State ex rel. Webster Mfg. Co. v. Reid,* 177 Wis. 612, 188 N. W. 67; *State ex rel. Schutz v. Williams,* 127 Wis. 236, 106 N. W. 286; *State ex rel. Rowell v. Dick,* 125 Wis. 51, 103 N. W. 229.

The facts which give rise to this action are as follows: Leo Abraham instituted an action in the circuit court for Milwaukee county to recover damages for personal injuries sustained January 4, 1939, when he slipped upon a sidewalk of a filling station located in the city of La Crosse, Wisconsin.   The station was operated by petitioner Johnson and owned by the petitioner Standard Oil Company of Indiana. Various allegations of negligence and violation of the safe-place statute were set forth in the complaint.   A joint demand for a change of venue was timely made.   No consent having been given, petitioners then moved jointly within the time prescribed by statute for a change of venue to the circuit court for La Crosse county.   The motion was denied by an order of the circuit court dated April 12, 1939, by CHARLES L. AARONS, circuit judge, presiding.   This action followed.

This matter involves sec. 261.01, Stats., which, so far as important here, provides:

"*Place of trial.* . . . The proper place of trial of civil actions is as follows: . . .

"(6) *Against other corporations.*   Of an action against any other corporation the county in which it has its principal office or in which the cause of action or some part thereof arose."

Relators' contention is that this court and courts generally have defined the term "principal office" as that place where the corporation's governing power resides and its supreme direction and control is located, or in other words, its general headquarters; that such was the meaning of this term as

used in sec. 261.01, Stats.; that the trial court by its decision virtually added after the words "principal office" where that phrase occurs in the statute the words "in this state," thus holding that a foreign corporation having its general headquarters elsewhere but having also a state headquarters or principal office in this state may be sued in the county where its principal office in Wisconsin is located. This is urged to be contrary to the holding of this court in *State ex rel. Wisconsin D. M. Co. v. Circuit Court,* 176 Wis. 198, 186 N. W. 732. In that case the venue was laid in Dodge county, where the defendant foreign corporation conducted its manufacturing operations. The corporation had its general headquarters in Milwaukee. It was held that Milwaukee was the proper place of trial. In disposing of the case the court said (p. 204):

"It is our conclusion that the words 'the county in which it is situated or has its principal office or place of business' means the principal office of the corporation. It is there that the books and records of the corporation are supposed to be kept and there its principal officers are supposed to attend to the affairs of the company."

Relator also relies upon *Milwaukee Steamship Co. v. Milwaukee,* 83 Wis. 590, 596, 53 N. W. 839. In that case plaintiff was a corporation organized under the laws of Wisconsin owning vessels operating on the Great Lakes. The articles of the company fixed the town of Lake as the location of its principal office, whereas in fact the business of the company was conducted and supervised from an office in the Third ward of the city of Milwaukee. There the accounts were kept, dividends made and paid, and the vessels chartered. It was held that the place that was actually the principal place of business was the proper place for trial. Sec. 1772, Stats., then in force provided that the corporation in its articles "shall state the name and location of such corporation." Since the statute did not require that the principal

office or the place of business be designated in the articles, the court held that the designation in the articles was of no legal force and effect and the question was simply one of fact as to the location of the principal office.

Briefly, the contention of relators is that sec. 261.01 (6), Stats., provides in the alternative for two places of trial for actions against foreign corporations, (1) the county in which the general offices or headquarters of the company are located, or (2) if these are not located in Wisconsin, the place where the cause of action arose. The fact that a corporation may have state headquarters in this state is claimed to be of no consequence if the general headquarters are elsewhere.

It is our conclusion that relators' position is not sound. The two cases relied upon by relators and which appear to be the only cases by this court remotely dealing with this subject are not addressed to the point involved here and do not sustain relators' position. In the *State ex rel. Wisconsin D. M. Co. Case, supra,* the foreign corporation had its general headquarters in the state of Wisconsin. It also had its factory here but in a different county. The principal question litigated was whether the statute which then referred to "any other corporation existing under the law of this state" had any reference to foreign corporations. It was held that foreign corporations did have existence under the law of this state and that the statute applied to them. It was further determined that as between the place where the manufacturing operations were carried on and the county in which the general offices of the company were maintained in this state, the latter constituted the proper place of trial. The court had no occasion to determine whether a foreign corporation with general offices outside the state could properly be sued in the county in which its state headquarters or principal office in this state was located. The *Milwaukee Steamship Co. Case, supra,* did not involve venue at all. The

location of the principal office was important in connection with the taxation of the company's personal property. The articles designated the location of the company's principal office, but the fact was that the office from which the affairs of the company were governed was in a different county. The court merely held that actual facts rather than the designation in the articles was determinative of the location of its principal office. Hence, we regard neither case as determinative of the present controversy. The real question in this case is whether the term "principal office" as used in sec. 261.01 (6), Stats., is broad enough to include a principal office in this state although this may not be the general headquarters of the company. Sec. 226.02 (3) (a), Stats., requires a foreign corporation before obtaining a license to do business in this state to file with the secretary of state a sworn statement of its president or other officers, setting forth the name and location of its principal office or place of business without this state, and in case said corporation is to have any place of business or principal office within this state, the location thereof. Sec. 226.04 (1) (a), Stats., requires foreign corporations to file an annual corporation report, stating, among other things, the location of its principal office within the state. It is our view that by these sections the legislature has conclusively and authoritatively declared that a corporation may have two principal offices, one a general and the other a state headquarters. The legislative mandate being that a foreign corporation may have a principal office in this state, in addition to general headquarters elsewhere, it is evident that we may not properly draw contrary conclusions from expressions in judicial opinions especially when these were not directed to this point.

In this view of the case, it must be held that sec. 261.01 (6), Stats., refers to a foreign corporation's principal office located within the state whether it is a general or merely a state headquarters for the company. The question is not one of adding the words "in this state" to the statute. The

question is rather one of finding some basis for restricting the term "principal office" to the general offices of a foreign corporation. We see no grounds upon which such a restriction of the language can properly be based. The statutes heretofore discussed indicate that the term "principal office" may relate to state as well as general headquarters. Sec. 261.01 (6) contains no express limitation of the term, and we see no propriety in adding one by judicial construction. In sec. 226.02 (7) when the legislature intended that a summons be served in part by mailing a copy to the general headquarters of a foreign corporation, it had no difficulty in manifesting that intention. It simply provided that it be mailed to the corporation at "its principal place of business *in the United States.*" In addition to this, we discover no procedural purpose which such a restriction as is here proposed would clearly serve.

*By the Court.*—Writ denied.