STURDEVANT, Plaintiff in error, v. STATE, Defendant in error.

*No. State 97. Argued November 5, 1970.—Decided December 1, 1970.*
(Also reported in 181 N. W. 2d 523.)

For the plaintiff in error there was a brief and oral argument by *Orville S. Luckenbach* of Shawano.

For the defendant in error the cause was argued by *William A. Platz,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J.   The defendant is alleged to have twice entered the home of one Donald Pecore forcibly and without his consent.

The issues raised on this appeal fall into two categories: (1) Disqualification of the trial judge, and (2) errors alleged to have occurred during the trial.

*Disqualification of trial judge.*

This issue is raised because the same judge presided over both trials.

Sec. 956.03, Stats., provides in part:

"956.03 **Change of venue or judge.** (1) PREJUDICE OF JUDGE; ANOTHER JUDGE CALLED. If the presiding judge has acted as attorney for a defendant or for the state in the pending action, or if a defendant moves, in the manner provided in civil actions, for a change of venue on account of the prejudice of the judge, another judge shall be called in the manner provided in civil actions to try the action, except that in county courts containing 3 or more branches the case shall be referred to the clerk who shall in accordance with the rules of said court assign the case to another branch of that court for trial or other proceedings. . . .

"(2) SECOND TRIAL. If a jury fails to agree on a verdict or if a new trial is granted and if one defendant moves therefor within 20 days, a trial judge shall be called as provided in sub. (1)."

No affidavit of prejudice was filed in this case. Counsel for the defendant advised the defendant to file an affi-

davit of prejudice; however, he elected not to follow this advice and cannot now successfully argue reversible error.

Defendant contends that the trial judge was disqualified by interest from hearing the case because of his previous representation of the defendant, and because the complaining witness was well known to him and a beneficiary of an estate the court had handled. Sec. 256.19, Stats., disqualifies judges from hearing and determining actions in which they have acted as counsel for either of the parties except with the consent of the parties. This statute has been construed to mean judges are disqualified only where they have acted as counsel for a party in the matter to be heard or determined.

". . . The manifest purpose of the statute was to secure to litigants and the public an impartial judicial tribunal, free from any bias or temptation or ground of suspicion. It disqualified the judge, however, only in case he had acted as attorney or counsel for either of the parties to the action or proceeding in the matter so to be heard or determined. . . ." *State ex rel. Rowell v. Dick* (1905), 125 Wis. 51, 58, 103 N. W. 229.

In the rules promulgated by this court as part of the Judicial Code of Ethics, the disqualification of a judge who has previously acted as counsel for a party is similarly limited.

"1. A judge shall not exercise his duties with respect to any matter in which a near relative by blood or marriage is a party, has an interest, or appears as a counsel. He shall not participate in any matter in which he has a significant financial interest or in which he previously acted as counsel." *Code of Judicial Ethics* (1967), 36 Wis. 2d 252, 259, Rule 1, 153 N. W. 2d 873, 155 N. W. 2d 565.

This court has recognized there may be other situations in which a judge should disqualify himself:

*"Comment:* . . . There will be many lesser situations in which the judge's own sense of propriety may indicate that he disqualify himself. There may also be even lesser situations in which the judge will determine that full disclosure to counsel is adequate." *Code of Judicial Ethics,* Comment to Rule 1, *supra,* 259.

". . . It will often happen that a judge, particularly where he resides in the same community with the parties, will have some awareness of the background of a dispute which comes into his court but his decision must always be based solely on the facts brought out before him during the course of the proceeding. Unless he is certain that he can put aside such information as may have come to him outside the record and such opinions as he may have formed thereon he must disqualify himself." *Ausman v. Ausman* (1966), 31 Wis. 2d 79, 86, 141 N. W. 2d 869.

When considering the issue of his disqualification, the trial judge made the following statement:

"For the record I will state that it is true that I have known the defendant for many years. Years ago I used to represent him in both his criminal and his divorce cases. Since I have been on the bench I have had him before me on various occasions. In certain instances he was found guilty; in others he was found not guilty. It is, also, true that I have known Donald Pecore for many years. While I never appeared for him as an attorney, I did handle an estate in which he was an heir. I personally know ninety percent or more of the Menominee people. I know all of the officers who appear in court every day and testify, whether they be county, city or state. I know a great share of the people who appear before me either as witnesses or defendants. If acquaintance with such witnesses or with such defendants prohibited me from handling a case, I could not in good grace sit in ninety percent of the cases before me in this area. In many instances I know the defendant, I knew his father and his grandfather. This court is satisfied that sitting in these cases is in no way an impropriety, and if counsel feels that it is, then I feel that it is his duty to proceed in the supreme court and have that court make its determination."

In this case, we do not consider the trial judge was disqualified from proceeding with the second trial.

*Error during trial.*

During the cross-examination of the complaining witness, the following occurred:

"*Q.* Say, you have got a history of having epileptic fits?
"*A.* Yes, sir.
  "[*District Attorney*]: I object, it is irrelevant.
"*Q.* No, it isn't.
  "[*District Attorney*]: How is it relevant?
"*Q.* Have you ever been committed because of that?
  "[*District Attorney*]: Objection, irrelevant.
  "*The Court:* Objection sustained.
"*Q.* Are you sure that you were in good shape that night so that you can remember all these things?
"*A.* Yes, sir."

Witnesses may be questioned regarding their mental or physical condition where such matters have bearing on their credibility.

"As a general rule, anything having a legitimate tendency to throw light on the accuracy, truthfulness, and sincerity of a witness may be shown and considered in determining the credit to be accorded his testimony." 98 C. J. S., *Witnesses*, p. 323, sec. 460.

"A witness may be cross-examined to test his intelligence, this rule applying although the court has held him competent to testify; and, as bearing on the question of the credibility of his testimony, he may be cross-examined as to his mental condition at the time of testifying, or at the time to which his testimony referred, his physical condition at that time, and his mental attitude toward the case." 98 C. J. S., *Witnesses*, p. 381, sec. 486.

However, at the time of the objection the defendant did not state he was attacking the witness' credibility, nor did he attempt to show how an epileptic condition could affect the credibility of the witness.

"The mental capacity of a witness is proper to be considered as bearing on his credibility. Thus the impaired condition of the mind either from a temporary cause, . . . or other infirmities, is deemed a proper subject of inquiry for the consideration of the jury in determining the credibility of a witness. So it may be shown that the witness has a mind or memory impaired from disease or other cause; but mere mental impairment, without more, is not sufficient to affect credibility, . . . Moreover, evidence that a witness was subject to epilepsy does not warrant disregarding his testimony in the absence of a showing as to what effect epilepsy has on the memory." 98 C. J. S., *Witnesses,* pp. 326, 327, sec. 461.

The trial court later gave the defendant an opportunity to make an offer of proof; however, the defendant failed to do so. In *State v. Moffett* (1970), 46 Wis. 2d 164, 168, 169, 174 N. W. 2d 263, this court stated that where counsel fails to state the purpose for which excluded testimony was elicited and fails to make an offer of proof, a claim of error by the trial court in excluding testimony is without merit:

"In discussing the necessity of an offer of proof following the alleged erroneous exclusion of evidence in civil cases, this court has said:
" ' . . . An offer of proof must be made as a necessary condition precedent to our review of any alleged error in the exclusion of evidence. Without such offer of proof there is no way for this court to know whether the exclusion of evidence was prejudicial.'
"The same reasoning applies with equal force to criminal trials. In *State v. Klein,* this court held that where the defense counsel failed to state the purpose of the interrogation objected to, the trial court could properly sustain the objections.
"Similarly, here, the defense counsel failed to state the purpose of the interrogation which was objected to. Without such an explanation it lay within the discretion of the trial court to conclude that the information sought was irrelevant to the issues of the case."

We find no error was committed in sustaining the objections to the questions propounded to the witness.

In the second trial, there was a conflict of testimony concerning the time of night at which the alleged crime occurred. Before finding the defendant guilty, the trial judge referred to a statement by a police officer concerning the time at which the alleged offense occurred and which was not in evidence.

However, the trial court found the time element to be immaterial, and we agree that it was. Thus, even if the trial judge did consider the statement evidence, it does not appear that he relied on the officer's statement in finding the defendant guilty.

This court has held that in a trial to the court without a jury, the admission of improper evidence is harmless error unless the court's finding would have been different had the evidence not been admitted.

". . . While evidence that is not admissible in a jury trial is equally inadmissible in a trial to the court, yet this court views the situation as distinct. We have previously stated:

" 'In a case tried by the court the admission of improper evidence is to be regarded on appeal as having been harmless, unless it clearly appears that but therefor the finding would probably have been different.' *Birmingham v. State* (1938), 228 Wis. 448, 454, 279 N. W. 15, quoting from *Topolewski v. State* (1906), 130 Wis. 244, 109 N. W. 1037." *Gauthier v. State* (1965), 28 Wis. 2d 412, 421, 137 N. W. 2d 101.

*By the Court.*—Judgment and order affirmed.