VOIGT, Plaintiff in error, v. STATE, Defendant in error.

*No. State 93. Submitted under sec. (Rule) 251.54 October 3, 1973.—*
*Decided October 30, 1973.*
(Also reported in 211 N. W. 2d 445.)

18

For the plaintiff in error the cause was submitted on the brief of *Anthony K. Karpowitz,* Legal Aid Society of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

HANLEY, J. Three issues are raised on this review.

1. Was there sufficient credible evidence to support the conviction?

2. Was the defendant denied his rights to due process of law and a fair and impartial trial?

3. Was the sentence imposed unduly harsh, unreasonable and an abuse of discretion?

*Sufficiency of the evidence.*

The defendant contends that because the sole witness against him was an alleged accomplice with a prior criminal record that the evidence was insufficient as a matter of law to support a conviction. We find no merit to this contention.

This court has previously held that a conviction can be based on the uncorroborated testimony of an ac-

complice. *State v. Haugen* (1972), 53 Wis. 2d 339, 193 N. W. 2d 50.

Similarly, the fact that an individual has been convicted of prior criminal acts does not make him incompetent to act as a witness. Sec. 885.19, Stats. 1969.[1] These facts merely go to the weight of such evidence. *State v. Haugen, supra; Liphford v. State* (1969), 43 Wis. 2d 367, 168 N. W. 2d 549.

After reviewing the record, we find that the evidence relied upon by the trier of fact was neither patently nor inherently incredible.

"The credibility of the witnesses is properly the function of the jury or the trier of fact, in this case the trial judge. It is only when the evidence that the trier of fact has relied upon is inherently or patently incredible that the appellate court will substitute its judgment for that of the fact finder, who has the great advantage of being present at the trial." *Gauthier v. State* (1965), 28 Wis. 2d 412, 416, 137 N. W. 2d 101, certiorari denied, 383 U. S. 916, 86 Sup. Ct. 910, 15 L. Ed. 2d 671. *See also: Bednarski v. State* (1972), 53 Wis. 2d 791, 794, 193 N. W. 2d 668.

We find the evidence sufficient to support the conviction. The evidence adduced, believed and rationally considered by the jury was sufficient to prove the defendant's guilt beyond a reasonable doubt. *Bautista v. State* (1971), 53 Wis. 2d 218, 191 N. W. 2d 725.

*Question of due process and fair trial.*

The defendant contends that he was denied his rights of due process and a fair trial due to a sequence of events which occurred immediately prior to his trial. The defendant and Mrs. Fuller, as was previously stated, were charged as parties to a conspiracy to commit the crime of forgery-uttering. Both individuals entered pleas of not

---

[1] Presently sec. 906.01, Stats.

guilty and demanded jury trials. Immediately prior to the commencement of trial, Mrs. Fuller waived her right to a trial by jury and changed her plea to guilty. The trial court then severed the action and proceeded to accept Mrs. Fuller's plea of guilty pursuant to sec. 971.08, Stats., and our decision in *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713. The plea of guilty was accepted and, after a short recess, the trial court sat as trier of fact in the defendant's trial.

Though the defendant had waived his right to a trial by jury prior to the court's acceptance of Mrs. Fuller's plea of guilty and was foreclosed from making a timely motion for substitution of judge pursuant to sec. 971.20, Stats., the defendant did not move the court to disqualify itself on the grounds of prejudice. In *State ex rel. Mitchell v. Bowman* (1972), 54 Wis. 2d 5, 7, 194 N. W. 2d 297 this court stated "A showing of prejudice in fact must be made." Instead of making a motion for disqualification the defendant chose to defend the case on the merits. Mrs. Fuller testified for the state and the defendant testified in his own behalf.

It is this sequence of events—the trial court's accepting the plea of guilty from Mrs. Fuller immediately prior to its acting as trier of fact in defendant's trial—that the defendant claims violated his rights of due process and a fair and impartial trial. Such constitutional deprivation of rights, it is claimed, resulted from the court's prior judicial knowledge of the defendant's actions and its preconceived opinion as to the credibility of Mrs. Fuller. We find no merit to these contentions.

This court has in similar cases found constitutionally antiseptic the practice of a judge sitting in several stages of a criminal proceeding. In *State v. Carter* (1966), 33 Wis. 2d 80, 146 N. W. 2d 466, we approved of the practice wherein the trial judge presided at both the defendant's trial and his later *Goodchild* hearing.

In *State v. Knoblock* (1969), 44 Wis. 2d 130, 170 N. W. 2d 781, we upheld the practice under which an individual judge presided at the issuance of the warrant, the preliminary examination and the jury trial.[2] Absent a finding of interest or bias or prejudice, this practice was found inviolate of the defendant's constitutional rights to due process of law and a fair and impartial trial.

In *Milburn v. State* (1971), 50 Wis. 2d 53, 62, 183 N. W. 2d 70, we ruled that information concerning the defendant received by the trial court in another proceeding did not ". . . negate the presumption that the trial judge, in fidelity to his oath of office, will try each case on its merits."

We recognize that cited cases factually were limited to a singular criminal proceeding whereas in the present action there existed two different criminal proceedings after the severance; we think they are nonetheless controlling. The presence of prior attained judicial knowledge is consistent with each. Such prior attained judicial knowledge, we have held, cannot be the basis of disqualification. *State v. Carter, supra.* To rule to the contrary would contradict the oath each judge takes—to try each case on its merits—and fail to consider the training and experience of our trial judges in ruling from mind's evidence, although heard, which is properly excluded from the body of evidence presented.

This court has recently held in *State v. Boutch* (1973), 60 Wis. 2d 397, 210 N. W. 2d 751 that it will not presume bias or prejudice on the part of the jury merely because it had been required to determine credibility of a witness in a prior proceeding. To hold that a jury is capable of determining the credibility on an individual case-by-case basis but that the trial judge, in spite of his expertise, is incapable of similar action is unsound reasoning.

---

[2] This decision was reached prior to the enactment of sec. 971.21, Stats.

We conclude that the practice under which the trial court accepted the plea of guilty of Mrs. Fuller as a conspirator under sec. 939.05, Stats., immediately prior to its sitting as the trier of fact in the defendant's trial to be constitutionally antiseptic. We see no basis upon which to presume that the court acted in direct contravention of its oath of office—to judge each case on its merits—and prejudged the defendant.

*Propriety of sentence.*

The defendant contends that the imposition of the maximum sentence of ten years for uttering by the trial court was excessive and an abuse of discretion.

While this court has stated in *State v. Tuttle* (1963), 21 Wis. 2d 147, 124 N. W. 2d 9, that it will review, sentences to determine whether there has been an abuse of discretion, ". . . this question should be treated in terms of strong policy against interference with the discretion of the trial court in passing sentence . . . ." *Id.* at page 150. In reviewing a sentence to determine whether or not discretion has been exercised or whether such an exercise of discretion has been abused ". . . we start with the presumption that the trial court acted reasonably and with the requirement that the complainant must show some unreasonable or unjustifiable basis in the record for the sentence complained of." *Jung v. State* (1966), 32 Wis. 2d 541, 548, 145 N. W. 2d 684.

A review of the record discloses that the trial court based its sentence on several factors: The defendant's extensive criminal record, the defendant's role in the commission of the crime and the court's appraisal of the defendant's attitude, including the evidence of his veracity at trial. Each of these factors has been determined by this court to be relevant in determining the sentence for the crime in question. *Lange v. State* (1972), 54 Wis. 2d 569, 196 N. W. 2d 680. The defendant, however, contends that the court committed an abuse of discretion

in relying on the third factor—the court's appraisal of the defendant's attitude, including evidence of his veracity at trial—in passing sentence. Such is not the case.

This court has stated ". . . that it is impermissible for a trial judge to add to a convicted defendant's sentence an additional term for the crime of perjury. If perjury has occurred, it should be the subject of a separate charge and conviction." *Id.* at page 575. However, our review of the record discloses that there is no evidence that the trial judge imposed an additional term because the defendant may have committed the additional crime of perjury. To the contrary, evidence concerning the defendant's attitude, his veracity at trial, his remorse and his acceptance of the court's findings, was but one factor in determining the length of sentence. In fact, the record indicates that the trial court would have imposed the same sentence had the defendant exhibited any degree of veracity at trial because of the defendant's repeated criminal acts in spite of previous probationary periods afforded and minimal sentences entered against the defendant. In *McCleary v. State* (1971), 49 Wis. 2d 263, 290, 182 N. W. 2d 512, this court stated:

"We wish to make it absolutely clear, however, that a trial judge, in an aggravated case and in the exercise of proper discretion, could impose a maximum ten-year sentence in a forgery case and that such discretion would be sustained by this court."

Clearly the trial court considered this an aggravated case and we think correctly so. Therefore, we conclude that the sentence imposed was not an abuse of discretion and is affirmed.

*By the Court.*—Order affirmed.