McIntosh, Appellant, vs. Bowers and wife, Respondents.

*April 26—May 24, 1910.*

*Courts: Holding county court in another county: Judges disqualified*
*by interest: Consent: Void orders: Collateral attack: Appeal:*
*Matters considered: Judgment in another case: Possession of*
*land: Notice of rights: Mortgages.*

1. Proceedings in the county court of one county, conducted entirely
   in another county, are invalid.
2. Orders made in violation of sec. 2579, Stats. (1898)—providing
   that a judge of a court of record who is interested in an action
   or proceeding shall not have power to hear and determine the
   same or to make any order therein, except with the consent of
   the parties,—are absolutely void and hence subject to collateral
   attack.
3. As to the interests of minor parties in such a case there could
   be no consent to the making of an order by a disqualified judge.
4. A judgment declaring void certain proceedings could not be con-
   sidered on an appeal from an earlier judgment rendered in an
   earlier action in which, though the same proceedings were in-
   volved, their invalidity did not appear.
5. Actual possession of land by one claiming under a land contract
   is notice of his rights to one obtaining a conveyance from the
   heirs of the vendor in such contract, and to one taking a mort-
   gage executed jointly by such grantee of the heirs and by a
   holder of tax deeds of the land; and the mortgage is subject to
   those rights.

Appeal from a judgment of the circuit court for Shawano
county: John Goodland, Circuit Judge. *Reversed.*

Action by mortgagee to quiet title to a forty-acre tract of
land in Vilas county. Defense, ownership in fee. The
plaintiff's mortgage was executed October 25, 1904, by Kate
Pier and E. G. Comstock jointly to secure a promissory note
given to the plaintiff by Kate Pier. Kate Pier's title con-
sisted of three tax deeds issued to her by Oneida county
May 16, 1891, May 23, 1892, and September 29, 1893, re-
spectively. E. G. Comstock's title consisted of a deed exe-
cuted October 24, 1904, by Hattie P. Kathan, as special

guardian of Eleanor Kathan and others, minor children of Joseph E. Kathan, deceased, who obtained title to the premises from the state in 1884. This deed was executed in the course of proceedings taken in the circuit court for Vilas county, under sec. 3503 et seq., Stats. (1898), in October, 1904, for the sale of this and twenty-one other tracts of land in Vilas county, in which the minor heirs of Joseph E. Kathan had some interest.

Neither Kate Pier nor E. G. Comstock had ever had possession of the land in question. The plaintiff claimed and introduced evidence tending to prove that it had always been unoccupied land, but defendant claimed that he had occupied it since 1891 by cutting wood thereon annually and raising potatoes upon a part thereof, and by maintaining a building thereon since 1892 which he occupied while cutting timber and cultivating the land. Defendant further claimed that he purchased the land for $150 from Kathan in 1892 and that his occupation was under claim of title, but that he obtained only a contract from Kathan, and in March, 1904, after Kathan's death, the land with other lands was sold in the course of proceedings in the county court of Vilas county under said sec. 3503 et seq., Stats. (1898), to one D. H. George, who deeded the same to the defendant in June, 1904.

The circuit court found the facts in accordance with the defendants' contentions and dismissed the complaint, and the plaintiff appeals.

The cause was submitted for the appellant on the brief of *C. H. Van Alstine,* and for the respondents on that of *Wallrich, Dillett & Larson.*

WINSLOW, C. J. The trial court held that Kate Pier's tax deeds were invalid because the evidence showed that the defendant, *Bowers,* had actual possession of the land during the three years after the issuance of each of her tax deeds

and hence her title was barred by limitation. We are urged
to reverse the court's finding as to *Bowers's* possession, but
find ourselves unable to say that it is against the clear pre-
ponderance of the evidence. The trial court also held that
Comstock's title was invalid because by the proceedings in
the county court of Viles county in the spring of 1904 the
Kathan title was conveyed to George and by him to *Bowers*
in June following, thus leaving no title to pass under the cir-
cuit court proceedings which took place in October, 1904.
This holding we consider erroneous. The evidence is undis-
puted that these proceedings were conducted before Judge
Colman, county judge of Vilas county, entirely in Shawano
county from beginning to end, and, further, that Judge Col-
man was interested as a stockholder in a brick company
which it was agreed should receive, and did in fact receive,
from George (the purchaser) the title to one tract of the
lands sold.

The county court is required by law to be held at the
county seat, except in the case of county courts possessing
civil jurisdiction. Sec. 2440, Stats. (1898). We know of
no authority, however, for holding any county court outside
of the county. Were it to be admitted that this objection
could not be raised collaterally, still the fact that the county
judge was pecuniarily interested in the proceeding would be
fatal. Our statute wisely provides that a judge of a court of
record who is interested in any action or proceeding "shall
not have power" to hear and determine the action or proceed-
ing, or make any order therein, except by consent of the par-
ties. Sec. 2579, Stats. (1898). There was no consent here,
and could be none as to the interests of the minors. This
statute deprives the judge of power, and orders made in vio-
lation of it are not only irregular but absolutely void, and
hence subject to collateral attack. *Case v. Hoffman,* 100
Wis. 314, on page 356, 72 N. W. 390, 74 N. W. 220, 75 N.
W. 945; 1 Freeman, Judgments (4th ed.) § 146; *Horton v.*

*Howard,* 79 Mich. 642, 44 N. W. 1112.    So the proceedings
by which the land in question was deeded to Comstock in
October appear to be valid so far as the evidence in this action
discloses; but the respondent attacks them now by saying
that they are the same proceedings which were attacked and
declared void in the case of *Kathan v. Comstock,* 140 Wis.
427, 122 N. W. 1044, which was an action brought by the
Kathan heirs against Comstock, Kate Pier, and the plaintiff,
*McIntosh,* for the express purpose of setting aside and vacat-
ing said proceedings and the deed to Comstock based thereon.

This seems to be true, but the difficulty is that the last-
named action was not brought until after the present action,
and the judgment therein was not rendered until after judg-
ment in the present action; hence that judgment was not
pleaded nor was it capable of being considered in the present
action.    It is equally plain that we cannot consider it upon
this appeal.

Inasmuch, however, as it is settled in the case that *Bowers*
was in possession, claiming title under a land contract from
Kathan, when Comstock obtained his title as well as when the
Pier tax deeds were executed, Comstock took the title and
*McIntosh* the mortgage charged with notice of *Bowers's*
rights under his purchase, and the mortgage would be subject
to those rights.    *First Nat. Bank v. Chafee,* 98 Wis. 42, 73
N. W. 318.

So while there must be a reversal upon the pleadings and
facts shown by the evidence in this case, no judgment can be
ordered, but the case must be sent back for completion of the
trial.    If there be no application for leave to plead the judg-
ment in the other case by way of supplemental answer, then
the only question upon which evidence will be necessary or
allowable will be the question of the defendant *Bowers's* in-
terest under his contract of purchase at the time of the Com-
stock deed.    If he had fully paid the purchase price and was
entitled to his deed the mortgage could have no effect, but if

there was a part of the purchase money still unpaid the mortgage would attach to that interest.

If there be application to plead the judgment in the other action by supplemental answer, the question whether such plea shall be allowed or not will rest in the sound discretion of the trial court. As the question whether such a plea should be now permitted and the question of the effect of such a plea, if allowed, have neither of them been presented to this court, we indicate no opinion upon them.

*By the Court.*—Judgment reversed, and action remanded for further proceedings according to law.

TIMLIN and BARNES, JJ., took no part.