RAINEY, Plaintiff in error, v. STATE, Defendant in error.*

*No. State 99.  Submitted under sec. (Rule) 251.54 October 3, 1974.—
Decided October 29, 1974.*
(Also reported in 222 N. W. 2d 620 and 224 N. W. 2d 194.)

The cause was submitted for the plaintiff in error on the briefs of *Howard B. Eisenberg,* state public defender, and for the defendant in error on the brief of *Robert W. Warren,* attorney general, and *Michael R. Klos,* assistant attorney general.

BEILFUSS, J.  The writ of error to review the order dismissing the plaintiff in error's (defendant) motion

---

for postconviction relief entered on June 20, 1973, must be dismissed because the issue is moot.

The defendant David S. Rainey was convicted upon his pleas of guilty of burglary and theft on August 27, 1968, before the Honorable KENNETH R. TRAEGER, the County Judge. Sentence was withheld and the defendant placed upon probation for three years.

A probation revocation hearing was held before Judge TRAEGER on March 27, 1969. The defendant's probation was revoked and he was sentenced to three years on the theft charge and four years on the burglary charge, with the sentences to run consecutively.

The defendant, since his confinement in 1969, has pursued several postconviction remedies in the trial court, this court and the federal court, including a review of his conviction by this court. In that review the defendant was represented by Mr. Orville S. Luckenbach, appointed by this court because of Rainey's indigency. Attorney Luckenbach filed a no-merit report in which he stated that he believed the defendant had no meritorious claims for relief and that further proceedings would be frivolous. After reviewing the no-merit report and conducting our own independent review of the case, we likewise were of the opinion that the defendant had no meritorious cause for relief and accepted the no-merit report upon the ground that further proceedings would be frivolous. (Unpublished Opinion No. 70–61, State of Wisconsin v. David S. Rainey.)

In the sec. 974.06, Stats., motion now before the court, the defendant alleges that he was not properly advised of various constitutional rights before he entered his plea and that a prima facie case was not presented.[1]

---

[1] If we were to reach the merits of the case it is doubtful the defendant would prevail. He claims he was deprived of proper guilty plea procedures. These procedures were first recognized and announced in our decision in *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713. They were not retroactive. *See Nelson v.*

The relief sought was: "(A) Release from custody and discharge," or "(B) A new trial."

[Our independent inquiry reveals that records of the Department of Health & Social Services show that the defendant was given a final discharge effective September 10, 1974—one month before this case was reached on the calendar. He has been discharged and we confidently conclude he does not want a new trial now. The case is moot.] *

One issue raised in the briefs deserves our comment for the orderly administration of the courts. Judge LUCKENBACH is the same Orville S. Luckenbach who, upon our appointment, represented the defendant in a postconviction procedure as set forth above.

Sec. 256.19, Stats., provides:

"**Judges disqualified, when.** In case any judge of any court of record shall be interested in any action or proceeding in such court or shall have acted as attorney or counsel for either of the parties thereto such judge shall not have power to hear and determine such action or proceeding or to make any other therein, except with the consent of the parties thereto."

Judge LUCKENBACH represented the defendant as counsel in another phase of this same criminal matter. He also acted as judge in hearing and deciding this related motion. Under the statute he had no power to do so and should have, sua sponte, disqualified himself.[2]

*By the Court.*—Writ of error dismissed.

*State* (1972), 54 Wis. 2d 489, 499, 195 N. W. 2d 629. The defendant's pleas of guilty were accepted on August 27, 1968, and *Ernst* was not announced until September 30, 1969.

* Determination as to mootness of case withdrawn. *See* memorandum on motion for rehearing, post, p. 376a.

[2] *See also Code of Judicial Ethics* (1967), 36 Wis. 2d 252, 259, Rule 1, 153 N. W. 2d 873, 155 N. W. 2d 565; *State ex rel. Rowell v. Dick* (1905), 125 Wis. 51, 58, 103 N. W. 229; *McIntosh v. Bowers* (1910), 143 Wis. 74, 76, 126 N. W. 548; and *Sturdevant v. State* (1970), 49 Wis. 2d 142, 145, 181 N. W. 2d 523.

The following opinion was filed December 20, 1974.

PER CURIAM. *(on motion for rehearing).* We withdraw our determination that the issue of whether the trial court's order on postconviction was sufficient to comply with the requirements of sec. 974.06, Stats., is moot.

The entire record is before us and we have reviewed the defendant's claims *ab initio.*

Prior to accepting his plea, the judge ascertained that the defendant understood the charges, was aware of the possible penalties, had not been promised anything in exchange for his plea of guilty, and was pleading guilty of his own free will after discussing the matter with his attorney.

The guilty plea procedures in this case complied with the law as it existed at the time the guilty plea was entered and received. (*See* footnote 1.) No useful purpose would be served by remanding this matter for an additional hearing. The order appealed from is affirmed.