THIESEN, Plaintiff in error, v. STATE, Defendant in error.

Supreme Court

*No. 76–562–CR. Argued October 3, 1978.—Decided January 9, 1979.*
(Also reported in 273 N.W.2d 314.)

For the plaintiff in error there were briefs and oral argument by *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

SHIRLEY S. ABRAHAMSON, J.  Richard G. Thiesen, the defendant, seeks to review a judgment of conviction of possession of heroin entered September 30, 1974, and an order entered January 7, 1977, denying his post-conviction motion.  Defendant claims that the conviction should be reversed and that his post-conviction motion should be granted because his conviction is based on evidence which should have been suppressed. We affirm the judgment and vacate the order.

While driving a van in the city of Racine at about 12:45 A.M. on March 1, 1974, Richard G. Thiesen was arrested for operating a motor vehicle without a license and for possession of marijuana.  Thiesen was taken to the police station and, during a custodial search of his person, the police found a packet of heroin in one of his pockets.  At a prior trial Thiesen was convicted of the marijuana charge.  In the case at bar Thiesen was convicted of possession of heroin and sentenced to not more than one year imprisonment.  The sentence has been served, and the defendant has been discharged.

We address ourselves first to defendant's appeal from his conviction and then to his appeal from the denial of his post-conviction motion.

Thiesen seeks to overturn his conviction on the ground that the packet of heroin was seized after an illegal stop, arrest and search and should not have been admitted as evidence.  The state contends that Thiesen waived the right to challenge the admissibility of the heroin. The state asserts that this court should not review the asserted claim of error because Thiesen did not file a

motion for a new trial within the time limit prescribed by sec. 974.02 (1), Stats.[1]

This court has frequently said that if the alleged error is one which the trial court could have corrected by granting a new trial, a motion for a new trial is necessary before the claimed error will be reviewed by this court as a matter of right. *Claybrooks v. State,* 50 Wis.2d 87, 89, 183 N.W.2d 143 (1971); *Schwamb v. State,* 46 Wis.2d 1, 9, 173 N.W.2d 666 (1970).

Thiesen claims that he did not waive his right to have the evidence suppressed. He asserts that his trial attorney failed to move for a new trial and that this failure should not be imputed to him.

This case typifies the conflict between maintaining the procedural requirements for the presentation of substantive issues and ensuring defendants their constitutional protections.[2]

As a general rule, the failure to follow a procedural rule results in a waiver of the right to raise the question

---

[1] Sec. 974.02 (1), Stats.:

"**New trial.** (1) In felonies, a defendant may move in writing or with the consent of the state on the record to set aside a judgment of conviction and for a new trial in the interest of justice, or because of error in the trial or because of error in the jury instructions, or because the judgment of conviction is not supported by the evidence or is contrary to law, or based on newly discovered evidence; but such motion must be made, heard and decided within 90 days after the judgment of conviction is entered, unless the court by order made before its expiration extends such time for cause. Such motion, if not decided within the time allowed therefor, shall be deemed overruled. Filing of a motion for a new trial shall not prevent the trial court from imposing sentence."

[2] *See* Comment, *Criminal Waiver: The Requirements of Personal Participation, Competence and Legitimate State Interest,* 54 Cal. L. Rev. 1262 (1966); Spritzer, *Criminal Waiver, Procedural Default and the Burger Court,* 126 U. Pa. L. Rev. 473 (1978).

in issue. A motion for a new trial allows the trial court to correct errors. We believe that it is reasonable and important for orderly procedure to require a motion for a new trial as a condition of preserving an error on appeal as of right. The United States Supreme Court has recognized that a state may validly insist upon compliance with a procedural rule if the rule serves a legitimate state purpose. *Henry v. Mississippi,* 379 U.S. 443, 447, 451–452 (1965).

However certain constitutional rights may be waived only by the defendant himself. Waiver of a constitutional right traditionally requires intentional relinquishment of a known right. *State v. Harper,* 57 Wis.2d 543, 548, 205 N.W.2d 1 (1972). *See Johnson v. Zerbst,* 304 U.S. 458, 464 (1938); *State v. McDonald,* 50 Wis.2d 534, 184 N.W.2d 886 (1971); *Keller v. State,* 75 Wis.2d 502, 249 N.W.2d 773 (1977). This court has applied the standard of personal and intentional relinquishment of a known right to the defendant's right to counsel and right to a jury trial. *State v. Harper,* 57 Wis.2d at 550; *Keller v. State,* 75 Wis.2d at 509.

Thiesen argues that in this case a personal and intentional relinquishment of his right to challenge the admissibility of evidence seized in violation of his Wisconsin and federal constitutional rights is required before he loses this right.

The trial court record is of necessity silent as to why Thiesen failed to preserve the challenge to the evidence by moving for a new trial. After the judgment of conviction is entered and within the applicable ninety-day period there is no opportunity for the trial court to determine and make a record of defendant's participation, knowledge and understanding of his waiver of his right to make a motion for a new trial. Nor does Thiesen argue that we should require the trial court to

make a record of the reasons the defendant is not making a motion for a new trial.

Defendant's mere failure to move for a new trial cannot be construed to mean that a non-intentional waiver has occurred. Thiesen must ground his failure to move for a new trial on his ignorance of his rights to challenge the conviction on the basis of the "illegal" evidence. He has the burden of coming forward with an explanation, which in this case lies peculiarly within his knowledge, that the waiver was unintentional and unknowing. Thiesen has failed to put forth any such explanation.

Indeed Thiesen cannot claim he did not know of his post-conviction rights. The trial court instructed Thiesen and his counsel that Thiesen had ninety days to request the trial court to set aside the conviction and grant a new trial, that Thiesen had the right to appeal to the Supreme Court and that post-trial motions may be necessary to preserve the right to review claimed errors, and that trial counsel had a continuing obligation to represent Thiesen in post-trial motions and in his decision whether to take an appeal until appellate counsel is appointed. The trial court, following our directions in *Whitmore v. State,* 56 Wis.2d 706, 719–720, 203 N.W. 2d 56 (1973), instructed Thiesen and counsel as follows and gave them a copy of these instructions:

". . . Within 90 days from the date of entry of judgment in this case, you may exercise the following rights with respect to your conviction and sentence. As to new trial, the grounds for which you seek review are those provided by Wisconsin Statutes Section 974.02 you may request the trial court to set aside your conviction and grant a new trial. This means you may be entitled to a new trial if granting is necessary in the interests of justice, or if any of the following defects arose at your trial or conviction. There is error in the conduct of

the trial. There is error in the jury instructions. The judgment of conviction is contrary to law. If your motion for a new trial is not made within 90 days from the date of entry of judgment in this case, you may lose altogether your right to raise any of the defects just mentioned. If the grounds upon which you seek review are not within Wisconsin Statute 974.02 you have a right to appeal from the judgment to the Wisconsin Supreme Court or to secure a writ of error from that court. Whether you are seeking a new trial, a writ of error, or an appeal of your conviction or sentence or both, you may proceed personally if you so desire. If you follow either the appeal or writ of error procedure described, you may write a letter to the Clerk of the Wisconsin Supreme Court at the State Capitol Building, Madison, Wisconsin setting forth: (1) the Court which the judgment was sentenced. (2) the date thereof. (3) the offense or offenses for which you were convicted. (4) whether you wish such judgment reviewed by the Wisconsin Supreme Court. (5) whether you do or do not wish the Court to appoint counsel to represent you in such review. *Counsel and the defendant are advised counsel has the duty to continue his representation of you until a decision whether to take an appeal is made, and until such time as appellate counsel is appointed by the Wisconsin Supreme Court. This continuing duty to represent you includes the obligation of trial counsel to address post trial motions to this court which may be appropriate to correct any error which it is claimed may have occurred during the trial and which may be necessary to preserve the right to review such claimed errors on appeal.* I am giving you a copy of these instructions." (Emphasis added.)

Our purpose in requiring the trial court to inform the defendant of his rights after conviction and to inform trial counsel of his or her obligation to continue representation during the post-conviction stage of the proceedings was to "eliminate the unwitting waiver of defendants who, through no fault of their own, have foregone the right to address post-trial motions to the

trial court." *Whitmore v. State,* 56 Wis.2d 706, 719, 720, 203 N.W.2d 56 (1973). When the trial court has given the *Whitmore* instructions we must assume, barring a showing of exceptional circumstances, that if a motion for a new trial is not made, the defendant has knowingly waived his right. Any other assumption makes the *Whitmore* instructions meaningless.

Thiesen's sole explanation for the failure to move for a new trial is that his trial attorney was obligated by *Whitmore v. State,* 56 Wis.2d 706, 203 N.W.2d 56 (1973), to make a motion for a new trial and that his attorney's dereliction in that respect does not constitute a waiver on his part. But *Whitmore* did not obligate Thiesen's counsel to move for a new trial. Counsel is obligated to move for a new trial only if the motion is warranted under the circumstances. Thiesen does not claim that his attorney was remiss with respect to any of the conduct that *Whitmore* does require. At no time has Thiesen asserted that his trial counsel did not continue his representation until the decision of whether to take an appeal was made and appellate counsel appointed. Thiesen does not claim in his brief or in his post-conviction motion that his trial counsel failed to assist him in deciding whether or not to seek a new trial; Thiesen does not claim that he requested trial counsel, without success, to move for a new trial; he does not claim that he advised counsel to continue his objections to the "illegal evidence." Thiesen does not in any of the papers before us claim that he was denied effective representation. It appears to us that Thiesen's claim that his attorney's omission to act is not binding on him raises by implication the question of incompetent counsel. Yet Thiesen never makes this argument expressly.

Under these circumstances, we conclude that Thiesen intentionally failed to move for a new trial and thus

intentionally relinquished his right to challenge the admissibility of the evidence. Accordingly the claimed error, namely the trial court's failure to suppress the heroin, is not reviewable on appeal from conviction as a matter of right in this court.

Although the court can exercise its discretion and determine whether the evidence should have been suppressed, we decline to review the claimed error. The issue whether evidence illegally seized should be suppressed does not go to the guilt or innocence of the defendant. Indeed the exclusionary rule requiring the suppression of illegally seized evidence may result in letting the guilty go free. The exclusionary rule is a rule reached by balancing two competing public interests: the public interest in convicting the guilty and the public interest in deterring illegal official conduct. The vice of a system of criminal justice that relies on evidence obtained in unreasonable searches and seizures is that all citizens are made less secure in their persons, houses, papers and effects against unreasonable searches and seizures. The exclusionary rule is designed to help guarantee to all the people their constitutional right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," by depriving the executive branch of the use in judicial proceedings of illegally seized evidence.[3] An additional, significant objective of the rule is to dissociate courts from illegal conduct.[4]

In the case at bar the defendant has been convicted and has served his sentence. Enforcement of the ex-

[3] *Compare* Amsterdam, *Search and Seizure, and Section 2255: A Comment,* 112 U. Pa. L. Rev. 378, 388–90 (1964), *and* Amsterdam, *Perspectives on the Fourth Amendment,* 58 Minn. L. Rev. 349, 476 n. 598 (1974). *See also Schneckloth v. Bustamonte,* 412 U.S. 218 (1973) (Powell, J., concurring).

[4] Tushnet, *Judicial Revision of the Habeas Corpus Statutes: A Note on Schneckloth v. Bustamonte,* 1975 Wis. L. Rev. 484, 500.

clusionary rule under these circumstances would have little deterrent effect on police conduct and would not substantially dissociate the judicial system from the illegal conduct. For these reasons, we decline to exercise our discretion to review the legality of the seizure of the heroin.

■

We now turn to Thiesen's appeal from the denial of his post-conviction motion. Thiesen filed a motion for post-conviction relief under sec. 974.06(1), Stats., after he had been finally discharged from prison.

Sec. 974.06(1) provides in pertinent part:

". . . a prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U. S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

The requirement that the movant be "a prisoner in custody under sentence of a court" was explained by this court in *State v. Theoharopoulos*, 72 Wis.2d 327, 240 N.W.2d 635 (1976). Theoharopoulos filed a sec. 974.06 motion to set aside a conviction for sale of marijuana. At the time he filed that motion, he had been discharged from supervision and custody resulting from his conviction for that offense, but he was confined in the Waukesha County Jail under a federal detainer for possible deportation from the United States. The court properly recognized that the defendant's discharge from prison does not moot the challenge to his conviction. Nevertheless we held that because Theoharopoulos was not "in custody under sentence" for the conviction he wished to attack, the jurisdictional requirement of sec. 974.06 was not met. The trial court had no jurisdiction to rule on the motion.

"The result we reach here is admittedly pursuant to a rigid jurisdictional requirement, but it is one imposed upon the courts by the legislature. For jurisdiction, the prisoner must be in custody under the sentence of a state court." 72 Wis.2d at 334.[5]

*Theoharopoulos* is controlling in the present case.[6] When Thiesen filed his sec. 974.06 motion, he was not a prisoner in custody. Accordingly the trial court had no jurisdiction to rule on that motion.

*By the Court.*—Judgment affirmed; order vacated and cause remanded with directions to dismiss the defendant's petition for lack of jurisdiction.

---

[5] The view that the "in custody" requirement for postconviction review should be liberalized is urged in *ABA Standards Relating to Post-Conviction Remedies,* Approved Draft, sec. 2.3 (1968). *See also* Note, *Wisconsin's Post-Conviction Procedure Act—Custody Requirements—What It Takes To Be Part of The "In" Crowd,* 1971 Wis. L. Rev. 636.

[6] As authority for the proposition that a trial court may rule upon a postconviction motion by one not in custody, the defendant cites *Rainey v. State,* 65 Wis.2d 374, 222 N.W.2d 620, 224 N.W.2d 194 (1974). In *Rainey,* as in *Theoharopoulos,* the court stated that in a motion for postconviction review the defendant's claim is not mooted merely by the fact that he has been discharged. The issue of jurisdiction under sec. 974.06 was not raised or discussed in *Rainey.* That issue was settled only later, in *Theoharopoulos.*

The defendant also relies upon *Sibron v. New York,* 392 U.S. 40 (1968). Sibron filed his motion for postconviction review after he had been discharged. The Supreme Court stated that his case was not mooted by the fact that he had been discharged and that his failure to file before discharge was attributable to state practices. Regarding the latter point, the court noted that "a state may not effectively deny a convict access to its appellate courts until he has been released and then argue that his case has been mooted by his failure to do what it alone prevented him from doing." *Id.* at 53. These considerations are not applicable here, however. In *Sibron* the Court spoke only of mootness and not of jurisdictional requirements. Even if jurisdictional requirements are subject to the constraint described in the quoted passage, there is no evidence in the record before us that Thiesen was prevented by the state from filing a sec. 974.06 motion before his discharge.