STATE of Wisconsin, Plaintiff-Respondent,

v.

Carlos R. ARGIZ, Defendant-Appellant-Petitioner.

Supreme Court

*No. 80–575–CR. Submitted on briefs April 1, 1981.—Decided April 29, 1981.*

(Also reported in 305 N.W.2d 124.)

For the petitioner the cause was submitted on the brief (in court of appeals) by *Carlos R. Argiz, pro se.*

No brief filed by respondent.

COFFEY, J. This is a review of a decision of the court of appeals refusing to accept jurisdiction and dismissing an appeal from a judgment of conviction on the ground that the notice of appeal was untimely filed.

The defendant challenges the procedure in the circuit court for Douglas county, the Hon. ARTHUR A. CIRILLI, presiding, in advising him of his right to appeal and therefore claims that the appellate court should have taken jurisdiction of the case despite the late filing of his notice of appeal some nine and one-half months after the statutory time limit had expired.

On April 26, 1979, the defendant, Carlos R. Argiz, was convicted of the crime of robbery, contrary to sec. 943.32 (1) (b), Stats., on his plea of guilty, and sentenced to an indeterminate term of six years, less 77 days. At the time of sentencing, the trial judge, when advising the defendant of his right to appeal, in the presence of his defense counsel, stated:

"Now . . . I think it is understood that these—the rights of appeal will be discussed with your client and he will be given a copy of his rights of appeal, and I would expect that he sign this before he leaves the courtroom. Is that understood?"

After the trial judge requested the defense counsel to advise the defendant of his appeal rights, the defense counsel agreed and the court handed the attorney a form entitled "Instructions to be Given Upon Pronouncing Judgment of Conviction and Sentence" and directed that Argiz sign the form before he left the courtroom or the court would reconvene and read the instructions to him. Following this colloquy, *the defendant signed and dated this form,* (see fn. 1) *noting and acknowledging the receipt of a copy of the instructions regarding his right to appeal and post conviction remedies* and specifically that the *defendant "had an opportunity to go over this matter with my attorney today."* This form was also *signed and dated by the defense counsel* and *returned to* the *court with counsel's certification* that he had received *a copy of the appeal instructions and explained the same to*

*the defendant.* This copy of the appeal instructions was made a part of the record.[1]

Shortly after the April 26, 1979 trial, according to the defendant's statement of facts attached to his appeal he requested a transcript of the entire proceeding, including

---

[1] There is nothing in the record to indicate the amount of time the attorney spent with the defendant, 5, 10, 15 minutes or a half hour in explaining the appeal instruction form.

The signed appeal instruction form reads as follows:

"The trial court informs you that upon the entry of judgment in a criminal case certain remedies are available to you. You have the right to appeal your conviction to the Wisconsin Court of Appeals. You may do so directly under certain circumstances; however, you must first bring a motion in this trial court before you may appeal if you are asking for any of the following: (1) that your conviction be set aside and that you be granted a new trial on some ground not already considered and decided by this trial court; (2) that you be allowed to withdraw your plea of guilty (no contest); (3) that your sentence be reduced or otherwise modified.

"There are time limitations within which you must act to preserve these rights.

"If you wish to pursue any remedy, you must, within 45 days of today, the date of entry of judgment, request from the reporter, a transcript of the notes of the proceedings in your case. In some cases a total transcript is not necessary, but you must request a transcript of such part of the reporter's notes as is necessary to support your motion or your appeal.

"The reporter has 40 days from the date of your request to serve such transcript upon you. Next you have 30 days from the date the transcript is served upon you within which to file a notice of appeal or a motion in this court. If you fail to do so you may lose your right to appeal or make a motion in this court. Such motion in this trial court must be determined within 60 days of the filing of the motion. If it is not decided within 60 days the motion is automatically denied and the clerk of the trial court must immediately enter an order denying the motion. The court of appeals may extend the time for cause. When the motion has been determined you then have 10 days from the entry of the order on the motion within which to file an appeal from the judgment of conviction and sentence and any denial of the motions you have brought.

his guilty plea, sentencing and appellate instructions. Within twelve days after the trial (May 8, 1979), a copy of this transcript was served on Argiz at the Wisconsin State Prison, Waupun. Some ten and one-half months later, on March 27, 1980, he filed notices of appeal *pro se* with both the sentencing court and the court of appeals.

On appeal, after a preliminary review of the record, the court of appeals determined that the notices of appeal were not filed within thirty days of service of the transcript as required in sec. 809.30, Stats. (felony appellate rule),[2] and *sua sponte* ordered briefs on the

"(IF YOU ARE REPRESENTED BY COUNSEL, THIS AP-PLIES)

"You and your attorney should discuss these remedies. Your attorney has the duty to continue to represent you until a decision is made to accept the judgment or to appeal to the Court of Appeals or to file motions. Your attorney has the duty to continue to represent you in presenting motions to this trial court.

"If you decide to appeal to the Court of Appeals your attorney has the duty to prepare and file your notice of appeals.

"If your present attorney cannot continue to represent you on the appeal and if you are indigent, you yourself may write to the State Public Defender at the State Capitol in Madison requesting appointment of a different attorney to represent you on the appeal. In your letter tell (1) the date of your conviction; (2) the court in which you were convicted; and, (3) the offense, or offenses, of which you were convicted. You may request your attorney to help you write this letter. The attorney appointed by the State Public Defender will be your attorney for the appeal and will contact you.

"I acknowledge that I have received a copy of this written instruction by the court on my rights to appeal or move the court for postconviction remedy and I have had opportunity to go over this matter with my attorney today.

"Dated April 26, 1979

                    /s/ (Defendant's Signature)

"I certify that I have received a copy of this written instruction and have explained it to the defendant.

"Dated April 26, 1979

                    /s/ (Defense Counsel's Signature)"

[2] Sec. 809.30 (1), Stats., provides in part:
"**Rule (Appeals in felony cases).**

question of the court's jurisdiction to hear the appeal. The defendant, in response to this order, submitted a statement alleging that the trial court failed to comply

"(1) APPEAL OR POSTCONVICTION MOTION BY DEFENDANT. (a) An appeal or motion for postconviction relief by a defendant in a felony case must be taken in accordance with this subsection.

". . .

"(d) A defendant who desires to appeal or seek other post-conviction relief without counsel or with retained counsel shall order a transcript of the reporter's notes within 45 days of sentencing or imposition of a fine or probation.

"(e) The court reporter shall serve the transcript on the defendant within 40 days of the ordering of the transcript. The reporter may seek an extension under Rule 809.16(4) for serving the transcript.

"(f) The defendant shall file a notice of appeal or motion seeking postconviction relief within 30 days of the service of the transcript.

". . ."

In its order for additional briefs, the court noted that the appeal did not appear to fall within the parameters of sec. (Rule) 809.30(1)(g) and (h), Stats., which provide for different time limitations as well as procedures when the defendant moves for postconviction relief other than that authorized under sec. 974.06, and then appeals from the order denying that motion as well as from the judgment of conviction. *See:* Martineau & Malmgren, *Wisconsin Appellate Practice*, §2706C. *See also:* the 1978 Judicial Council's Committee Note to Rule 809.30, Stats., providing in part, "The term 'postconviction relief' as used in this rule, includes new trial, reduction of sentence and any other type of relief which the trial court is authorized to give other than under s. 974.06." It must be noted, however, that the defendant in the statement of the case attached to his brief in the court of appeals claims he made a postconviction motion within 30 days of the receipt of the transcript, but that this motion was deemed denied after 60 days under sec. (Rule) 809.30(1)(g). This motion and the denial of the same are not contained in the record. If the defendant did file a postconviction motion within 30 days of the receipt of the transcript, he was nevertheless also required to file notices of appeal within, at most, 110 days of the service of the transcript, *see:* sec. (Rule) 809.30(1)(g) and (h). This he failed to do as the notices of appeal were filed some ten and one-half months after the date of the service of the transcript,

with sec. 809.30(1)(b), Stats.,[3] in that the presiding judge failed to properly advise him of his statutory right of appeal and thus he was not aware of the notice of appeal time limitation set forth in sec. 809.30(1)(f) (within 30 days of the service of the transcript).[4] Argiz, however, admitted that he had signed an appeal instruction form at the time of sentencing and that this form "might have" given him an "indication" of his appeal rights "but no explication of the proceedings were provided."

In this statement, Argiz also asserted the fact that he ordered a transcript of the guilty plea and sentencing hearing shortly after that proceeding does not show that he was aware of the provisions of sec. 809.30(1)(f), Stats., requiring that a notice of appeal be filed within 30 days of the receipt of the transcript.[5] He further attempted to explain the reason for his delay in filing the notices of appeal stating he was "waiting to receive legal advice" from his appellate counsel (public defender) who was appointed prior to June 19, 1979[6] and that he had not received such advice as of the date his notices of appeal were filed. It should be noted that the record contains a copy of a communication from Argiz to his appellate counsel dated May 29, 1980 wherein the defendant

and thus, we would still be presented with a case where the notices of appeal were untimely filed.

[3] Sec. 809.30(1)(b), Stats., provides:

"(b) The trial judge shall inform the defendant at the time of sentencing or imposition of a fine or probation of the right to appeal or seek other postconviction relief, the time limits on seeking the relief and, if indigent, the right to publicly compensated counsel in those proceedings."

[4] *See:* n. 2, *supra* at 550, 551.

[5] *See:* n. 2, *supra* at 550, 551.

[6] The record does not reflect the exact date of appointment of appellate counsel but a letter from one of Argiz' three attorneys referred to in the record, Michael Lucci, to the defendant dated July 13, 1979, states that appellate counsel had been appointed prior to June 19, 1979.

points out a difference of opinion sometime earlier in the proceeding between himself and the appellate counsel concerning his appeal and that counsel's advice did not meet with his approval.

The state, in its reply to the appellate court's order for additional briefs, objected to the jurisdiction of the court on the grounds that the notice of appeal was not timely filed within thirty days of the service of the transcript as required under sec. 809.30(1)(f), Stats.

Upon review, the court of appeals issued a *Per Curiam* order dismissing Argiz' appeal stating:

"On March 27, 1980, the appellant filed a notice of appeal purporting to appeal from a judgment of conviction and unspecified order entered April 26, 1979. The transcript of the defendant's trial and sentencing were filed on May 8, 1979. Under Rule 809.30(1)(f) the notice of appeal or a motion seeking postconviction relief must be filed within thirty days of the service of transcript. The appellant did not file a notice of appeal or postconviction motion during that thirty day period. Therefore, this appeal must be dismissed.

"The appellant argues that he was not informed of his right to appeal or seek other postconviction relief as required under Rule 809.30(1)(b). The appellant admits, however, that he received written instructions at the time of his sentencing informing him of his rights on appeal. The court concludes that the written instructions adequately informed the defendant of his right to appeal, and the procedures required to initiate an appeal. The written instructions specifically notified the defendant of the time limitations imposed by the rules of appellate procedure.

"The filing of a timely notice of appeal is necessary to give the court jurisdiction over the appeal.[7] The court concludes that the notice of appeal in this case was not timely filed, and that the court lacks jurisdiction over the appeal."

---

[7] *See:* Sec. 809.10, Stats., which provides:

"**Rule (Initiating the appeal).** (1) NOTICE OF APPEAL. (a) *Filing.* A person shall initiate an appeal by filing a notice of appeal with the clerk of the trial court in which the judgment

It is to be noted that the appellate court expressly rejected the defendant's claim that a trial judge is personally required to read and explain a defendant's appellate rights to him on the ground that the written instructions, signed and dated by both the defendant and his counsel, were adequate to inform him of his right to appeal and the time limitations.

It is obvious that Argiz' notice of appeal, filed on March 27, 1980, in relation to the date of the receipt of the transcript on May 8, 1979, was not filed within the statutory time limits, and thus the issue presented is: Did the court of appeals abuse its discretion in refusing to allow the defendant to pursue a late appeal? The defendant asserts that this query should be answered in the affirmative, alleging he was not informed of the time limits on his right to appeal as required in sec. 809.-30(1)(b), Stats. This rule of appellate procedure provides:

"(b) The trial judge shall inform the defendant at the time of sentencing or imposition of a fine or probation of the right to appeal or seek other postconviction relief, the time limits on seeking the relief and, if indigent, the right to publicly compensated counsel in those proceedings."

In this court, Argiz admits that he was given a copy of the appeal instructions form and that he signed it, but contends that he did not have sufficient time to read

or order appealed from was entered and shall specify in the notice of appeal the judgment or order appealed from. The person at the same time shall notify the court of appeals of the filing of the appeal by sending a copy of the notice of appeal to the clerk of the court.

"(b) *Time for filing.* The notice of appeal must be filed within the time specified by law. The filing of a timely notice of appeal is necessary to give the court jurisdiction over the appeal."

the instructions while in the courtroom,[8] and his counsel neither instructed him as to the contents of the form nor apprised him of what he was signing. The record is clear that the defendant's allegation is directly contradicted by his trial counsel's certification that "I certify that I have received a copy of this written instruction and have explained it to the defendant" as well as Argiz' signed acknowledgment that "I acknowledge that I have received a copy of this written instruction by the court on my rights to appeal or move the court for postconviction remedy and I have had opportunity to go over this matter with my attorney today." The defendant does not argue that we should require the trial court to make a record of what is said between a defendant and his trial counsel after the court hands the defense counsel the appellate instruction form. It should be noted that the defendant's petition to review informs this court that during the ten and one-half month hiatus between the date he received the transcript (May 8, 1979) and the date he filed his notices of appeal (March 27, 1980) he pursued a writ of *habeas corpus* and did not file the notices of appeal until such time as this writ had been denied (March 21, 1980).

The felony appeal rule set forth in sec. 809.30(1)(b), Stats., follows this court's decisions in *Peterson v. State,* 54 Wis.2d 370, 195 N.W.2d 837 (1972), and *Whitmore v. State,* 56 Wis.2d 706, 203 N.W.2d 56 (1973). In *Peterson, supra,* this court, following the lead of the 7th Circuit in *U.S. ex rel. Singleton v. Woods,* 440 F.2d 835 (7th Cir. 1971), held that "The trial court is obliged in all cases to inform the defendant of his right to appeal from the conviction—whether after a plea of guilty or after trial," and cited the Wisconsin Jury Instructions—Crimi-

---

[8] As previously stated in n. 1, *supra* at 549, the record does not reflect how much time defense counsel spent with the defendant in explaining the appeal instructions.

nal, Special Materials, §33 as providing the information that should be given to criminal defendants with respect to their appeal rights. *Peterson, supra* at 382.

Since sec. 809.30(1) (b), Stats., is a codification of the rule set forth in *Peterson,* if a trial judge fails to inform a convicted defendant of his appeal rights as required, the defendant will be permitted to pursue a late appeal. *Peterson, supra* at 382; *In re Applications of Maroney and Kunz,* 54 Wis.2d 638, 196 N.W.2d 712 (1972) (making the rules regarding a defendant's appeal rights set forth in *Peterson* prospective). *See also:* the 1979 Judicial Committee's Note to sec. 809.30, Stats., sec. 809.82 (2), and Martineau & Malmgren, *Wisconsin Appellate Practice,* §2703 at 168.

In *Whitmore, supra,* this court prescribed additional procedures for trial courts to follow in order to make a defendant's right to appeal meaningful. This court made it obligatory upon trial courts "not only to inform the defendant of his right to appeal, but also to advise the defendant and his attorney of the obligation of trial counsel to continue his representations until the decision of whether to take an appeal is made and until such time as appellate counsel is appointed. . . ." *Id.* at 719.[9]

[9] This requirement was complied with in this case as a letter from one of the defendant's trial counsel (Michael Lucci) to the defendant, dated July 13, 1979, indicates that Lucci remained as Argiz' attorney until the appointment of appellate counsel, Ruth Downs:

"I wish to acknowledge receipt of your letter of June 19, 1979, and to advise that I have also been informed that you have had an attorney appointed from the Public Defender's office in Madison, Wisconsin, by the name of Ruth Downs. It is now clear between my office and their office that Ms. Downs will be representing you in any further matters in the above action, including the filing of motions to modify the sentence. I would certainly urge you to brief her on all of the background in this case and those factors considered by you in making your decision to enter a plea of guilty."

The appeal instruction form given by Judge Cirilli to the defendant at the time of sentencing complied with the requirements of sec. 809.30(1)(b), Stats., as well as our decisions in *Peterson* and *Whitmore,* including the information that defendants who wish to prosecute a direct appeal must file a notice of appeal within thirty days of the service of the transcript upon them or they may lose their right to appeal. However, neither sec. 809.-30(1)(b), nor our prior decisions in *Peterson* and *Whitmore*[10] delineate the specific manner in which the appeal right information is required to be conveyed to defendants, but it is obvious the court's specific intent requires that a defendant be effectively advised of his rights of appeal, either orally or in writing. Since Argiz admits having signed and received a copy of the appeal instructions advising him of the time limitations on his right to appeal and the instruction form returned to the court contained his signed acknowledgment of having had an opportunity to discuss his rights to appeal and postconviction remedies with his attorney as well as his counsel's certification that he had explained the instructions to the defendant, this case thus presents the very narrow issue of: Did the trial court fulfill its obligation to inform the defendant of his appeal rights in providing the defendant and his counsel with an appeal instruction form and thereafter securing the return of that form with the defendant's above-stated signed acknowledgment together with the attorney's noted certification?

In this case, the trial court gave the defense counsel a form reciting that it contained the defendant's rights of appeal and instructed counsel that he must obtain the defendant's signature thereon or the court would reconvene for the purpose of reading the instructions to the defendant.

[10] *See also: Thiesen v. State,* 86 Wis.2d 562, 273 N.W.2d 314 (1979).

A copy of the appeal instruction form was returned to the court with the defendant's signed acknowledgment as well as his attorney's certification that he had explained the appeal procedure to Argiz. Under these circumstances, we conclude that the appeal instruction form, together with the trial judge's statement that the form contained the defendant's appeal rights demonstrates that the trial court and Argiz' trial counsel conformed with the requirements of *Peterson, Whitmore* and sec. 809.30 (1) (b), Stats., and thus the court of appeals did not abuse its discretion in refusing to accept jurisdiction of this appeal and rejecting the defendant's claim that the trial judge had failed to adequately advise him of his appeal rights. Therefore, a defendant has the burden of coming forward with more than an unsubstantiated assertion that he was uninformed of his appeal rights in order to demonstrate a showing of exceptional circumstances sufficient to support a finding of abuse of discretion on the part of the appellate court in refusing to accept jurisdiction of the appeal.

Argiz' sole explanation as to why his failure to file a timely notice of appeal should not constitute a bar to his appeal is that he was not properly informed of his appeal rights and specifically the time limits on taking an appeal. Although he admits having been given a copy of the appeal instructions form and having signed the same, he claims that his counsel "did not instruct him as to the rules of appellate procedure" and that he was not advised of the nature of the form that he signed.

The defendant's claims are refuted by the record. First, Argiz was expressly advised of the nature of the form that he signed when the trial judge described the information contained in the document he handed to defense counsel as the "rights of appeal." Second, Argiz signed a form entitled "Instructions to be Given Upon Pronouncing Judgment of Conviction and Sentence" not-

ing and acknowledging that he had received a copy of the instructions and discussed them with his attorney. Third, the defendant's signed acknowledgment was corroborated by his trial attorney's certification that he had received a copy of the appeal instructions and explained them to the defendant. The written instruction form included the following appellate right information: (1) that the defendant has a right to appeal; (2) the time limitations on that right—requesting a transcript within 45 days of the date of entry of judgment and filing a notice of appeal within 30 days of the service of the transcript; (3) the fact that if a defendant failed to comply with the time limitations he could lose his right to appeal; (4) that the defendant should discuss his appeal and postconviction remedies with his attorney; and (5) in the event the defendant decides to appeal, the defense counsel has the duty to prepare and file the notice of appeal. Argiz does not claim that he was unable to read or comprehend the written appeal instructions and indeed, his *pro se* brief in this court belies any such argument. Additionally, one of the defendant's trial counsel referred to him as being intelligent and sophisticated. Further, it is to be noted that following his sentencing, Argiz requested and received a copy of his trial transcript (including conviction and sentencing) within 12 days after that proceeding and petitioned for and received appointment of appellate counsel prior to June 19, 1979. Moreover, Argiz also sought postconviction relief with a petition for a writ of *habeas corpus* and did not file his notices of appeal herein until *after* his petition was denied. All of Argiz' postconviction actions demonstrate that he had knowledge of his postconviction rights and remedies, and thus, are inconsistent with his claim that he was not informed of his appeal rights. Indeed, the requirement of ordering a transcript within 45 days of sentencing as well as the right to appellate

counsel were specifically set forth in the written appeal instructions that the defendant claims were not explained to him and which he asserts he did not have time to read. Argiz asserts that he did not "learn" of his postconviction rights until performing independent research in the prison library after receiving his trial transcript, yet the appeal instructions form with his signed acknowledgment and his trial counsel's certification to the contrary, together with his ordering and receipt of the transcript within 12 days of the trial and sentencing belie this claim. Reduced to its simplest terms, Argiz' claim that he was neither informed of nor had knowledge of his appeal rights, in particular, the time limitations, amounts to a bald and totally unsupported accusation against the defense counsel that he simply directed Argiz to sign the instruction form, and thus made a false representation when he certified that the appeal rights instructions had been explained to the defendant.

The record demonstrates that the trial court expressly informed the defendant that the document he signed contained instructions as to his appeal rights, "Now, I think it is understood that these—the rights of appeal will be discussed. . . ." The defendant signed the form entitled "Instructions to be Given Upon Pronouncing Judgment of Conviction and Sentence" and thereby on his own represented to the court that he had discussed the instructions with his attorney, "I acknowledge that I have received a copy of this written instruction by the court on my rights to appeal . . . and I have had an opportunity to go over this matter with my attorney today." Argiz' trial counsel certified that he had explained the appeal rights instructions to Argiz, "I certify that I have received a copy of this written instruction and explained it to the defendant." Considering the trial court's description of the information contained in the form handed to

defense counsel after the pronouncement of sentence as "rights of appeal," and the noted signed representations of both the defendant and his attorney, together with Argiz' postconviction actions (requesting and receiving a copy of the trial transcript shortly after trial, petitioning for and receiving appointment of appellate counsel prior to June 19, 1979, seeking a writ of *habeas corpus* and not filing the notices of appeal herein until after his petition for that writ was denied), we conclude that the defendant's explanation of his failure to file a timely notice of appeal is implausible, and we therefore hold that the defendant has failed to establish any "exceptional circumstances," which would warrant this court's allowing him to proceed with a late appeal. Hence, we further hold that the appellate court did not abuse its discretion in refusing to allow the defendant to pursue a late appeal.

Additionally, we note that the defendant would have us ignore his signed and dated acknowledgment that he had discussed the subject of his appeal rights with his attorney and foist the blame for his failure to file a timely notice of appeal upon the trial court. Acceptance of the defendant's claim would in effect be equivalent to allowing him to benefit from misleading the court with the noted signed acknowledgment and we decline to do so.

Since this court has not heretofore expressly delineated the specific manner in which trial courts are required to convey the appeal right information to convicted defendants represented by counsel at the time of sentencing, we now direct that at the time of sentencing, trial courts are to give a defendant two copies of his appeal rights as set forth in the Wisconsin Jury Instructions—Criminal, Special Materials, §33: one to be retained by the defendant and the other to be returned and filed with the court with the defendant's signed and dated acknowledgment that he has received a copy of

the instructions, discussed them with his attorney, and that he has read and understands the same, combined with the defense counsel's certification that he has discussed the subject of appeal with the defendant and has explained the appellate procedure and requirements to the defendant. The appeal instruction form and the return of the same, signed and acknowledged in the presence of defense counsel, are to be filed in open court. We do not require a trial judge to personally read the instructions to the defendant as frequently the defendant is in a state of shock, confused and distraught at the time of sentencing and thus might not be able to comprehend and remember the specific details of the appeal instructions. Should, however, a defendant have any questions regarding the appeal instructions, the defendant and his counsel shall present them to the court and the court shall answer them. This rule is to be applied prospectively to convictions obtained after the date of the filing of this opinion.

*By the Court.*—The decision of the Court of Appeals is affirmed.

SHIRLEY S. ABRAHAMSON, J. *(concurring)*. I write separately to express my disagreement with the prospective rule the majority sets forth directing the manner in which the trial courts are to convey the appeal right information to convicted defendants represented by counsel at the time of sentencing. As I understand the requirements of the majority's rule, the circuit court, on the record, will give the defendant two copies of the SM–33 instruction form; will direct the attorney to "discuss the subject of appeal with the defendant and [explain] the appellate procedure and requirements to the defendant;" will direct the attorney to have the instruction form signed and dated by the defendant and the attorney; will direct that the executed instruction form

be filed with the court; and will explain to both defendant and counsel that if the defendant has any questions regarding the instruction, the defendant and his counsel shall present them to the circuit court and the circuit court shall answer them. *Supra,* pp. 561, 562.

This court has said previously that the trial judge should inform the defendant of "the right to appeal or seek other postconviction relief, the time limits on seeking the relief and, if indigent, the right to publicly compensated counsel in those proceedings," and should inform the trial counsel of his or her obligation to continue representation during the post conviction stage of the proceedings. Sec. 809.30(1)(b), Stats. 1979–80; *Peterson v. State,* 54 Wis.2d 370, 195 N.W.2d 837 (1972); *Whitmore v. State,* 56 Wis.2d 706, 203 N.W.2d 56 (1973); *Thiesen v. State,* 86 Wis.2d 562, 273 N.W.2d 314 (1979). Wis. J I—Criminal SM–33 was drafted to aid the judge in complying with this obligation.

In view of the critical nature of the appeal right to a defendant and in light of the high potential for misunderstanding in advising a defendant of appeal rights at sentencing, I favor requiring the circuit judge to read, on the record, the relevant parts of Wis. J I—Criminal SM–33 (or its equivalent) to the defendant and to the attorney and to state, on the record, that the judge is at that time furnishing to the defendant and the attorney a copy of the parts of SM–33 which the judge has read.

If the purposes of the prospective rule are to save the trial court's time and give the defendant a better opportunity to understand appeal rights, I do not think the rule will accomplish these ends. I do not think the defense counsel is better able than the trial court to communicate appellate rights to the defendant who, as the majority notes, may be distraught.

I fear that a number of practical problems are likely to result from the majority's procedure. What does the

court expect the attorney to tell the defendant in order for the attorney to certify that he or she has discussed the subject of appeal with the defendant and has explained the appellate procedure and requirements to the defendant? How long does the attorney have to wait before he or she starts to discuss the subject of appeal with the distraught defendant? Is there a quiet place available in the courthouse for the attorney and defendant to talk? What if the attorney has another obligation to meet and cannot immediately after sentencing spend the ten minutes, half-hour, or one hour or more it might take to discuss with the defendant the subject of appeal and appellate procedure and requirements and get his signature? What happens if the judge is in the midst of another case or has left for the day and the defendant has a question? What if the defendant refuses to sign the form? Who has the responsibility of filing the copy with the court? Can the signed form be made part of the record if it is not "filed in open court"? How is the executed copy filed with the court? How is it filed in open court? By giving it to the judge, to the court reporter, the bailiff or clerk of circuit court? What if the signed copy is not filed at all?

The most serious problem I see with the majority's procedure is that it is likely to engender misunderstanding as to whether the postsentencing discussion between the attorney and the defendant fulfills the attorney's duty to the defendant which SM–33 sets forth as follows:

"You and your attorney should discuss these remedies. Your attorney has the duty to continue to represent you until a decision is made to accept the judgment or to appeal to the court of appeals or to file motions. Your attorney has the duty to continue to represent you in presenting motions to this trial court.

"If you decide to appeal to the court of appeals, your attorney has the duty to prepare and file your notice of appeal.

"If your present attorney cannot continue to represent you on the appeal and if you are indigent, you yourself may write to the State Public Defender . . . ."

I do not believe the majority opinion intended that the postsentencing discussion conference between the defendant and attorney fulfill the attorney's responsibilities set forth in SM–33.